UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CARL E. WHITACRE, | Case No. 2:22-cv-1871 |
| Petitioner, | |
| vs. | District Judge James L. Graham<br>Magistrate Judge Stephanie K. Bowman |
| WARDEN, NOBLE CORRECTIONAL INSTITUTION, | **REPORT AND RECOMMENDATION** |
| Respondent. | |

Petitioner, an inmate in state custody at the Noble Correctional Institution, has filed a petition for a writ of habeas corpus in this Court. (Doc. 1). On May 19, 2022, the Court issued an Order for petitioner to show cause why the petition is not subject to dismissal without prejudice because petitioner has not exhausted his available state-court remedies prior to filing this action. (Doc. 4). Petitioner has filed a response to the Order (Doc. 7) as well as a "motion," consisting of roughly one-hundred pages of documents plaintiff claims he received from the Ohio Attorney General. (*See* Doc. 8).

For the reasons stated below, it is recommended that the petition be dismissed without prejudice.[1]

As noted in the Court's May 19, 2022 Order, the statute governing habeas petitions filed by state prisoners contains an exhaustion requirement. *See* 28 U.S.C. § 2254(b)-(c). Specifically,

---

[1] Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court "must promptly examine" habeas petitions forwarded by the clerk for initial review and "must dismiss" a habeas petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See* 28 U.S.C. foll. § 2254. This Court may *sua sponte* consider exhaustion. *See Eakes v. Sexton*, 592 F. App'x. 422, 430-31 (6th Cir. 2014) (noting that the court may raise non-exhaustion *sua sponte*); *Allen v. Perini,* 424 F.2d 134, 138-39 (6th Cir. 1970)) ("The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts."). *See also Hargrove v. Warden, Lebanon Corr. Inst.*, No. 1:16-1011, 2017 WL 3475684, at *4 (S.D. Ohio Aug. 11, 2017) (Report and Recommendation), *adopted*, 2018 WL 1007510 (S.D. Ohio Feb. 22, 2018).

the statute provides that an application for a writ of habeas corpus by a state prisoner shall not be granted unless the petitioner has exhausted his or her state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect petitioner's rights. 28 U.S.C. § 2254(b)(1). A state defendant with federal constitutional claims is required to first fairly present those claims to the state courts for consideration because of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts. *See Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). Under the "fair presentation" requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," which, in Ohio, includes discretionary review in the Ohio Supreme Court. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir. 1985).

If the petitioner fails to fairly present his claims through the requisite levels of state appellate review, but still has an avenue open to him in the state courts by which he may present the claims, his petition is subject to dismissal without prejudice for failure to exhaust state remedies. *See* 28 U.S.C. § 2254(c). Although the exhaustion requirement is not jurisdictional, and an application for writ of habeas corpus may be denied on the merits notwithstanding the petitioner's failure to exhaust, *see* 28 U.S.C. § 2254(b)(2), there is a strong presumption in favor of requiring the exhaustion of state remedies. *See Granberry v. Greer,* 481 U.S. 129, 131 (1987).

In this case, petitioner challenges his December 6, 2021 convictions and sentence in Monroe County Court of Common Pleas Case Nos. CR 2019-323 and 2021-185. (*See* Doc. 1 at PageID 1). Based on the documents submitted to the Court and review of the Monroe County

Clerk of Court online docket records, it appears that petitioner filed a direct appeal to the Ohio Court of Appeals on December 16, 2021 in Case No. CA 2021-008. The appeal remains pending.[2]

In response to the Court's May 19, 2022 Order, petitioner claims that he "can't trust the State of Ohio to do anything" and generally opposes providing the Ohio courts a full opportunity to resolve any constitutional issues through the appeal process. (*See* Doc. 7 at PageID 125-26). However, petitioner has not demonstrated the unavailability of state corrective process or that circumstances exist that render such process ineffective to protect his rights.  28 U.S.C. § 2254(b)(1). Accordingly, because petitioner has failed to exhaust his state court remedies, show an absence of available state corrective process, or demonstrate that circumstances exist that render such process ineffective to protect petitioner's rights, the petition (Doc. 1) should be **DISMISSED without prejudice** for failure to exhaust his available state-court remedies prior to filing this action.

A stay of the case while petitioner exhausts his claims in the state courts is not warranted here because dismissal of the petition will not trigger any concerns about a potential statute of limitations bar to review of a future federal habeas petition. *See, e.g., Smith v. Warden*, No. 1:20-cv-994, 2021 WL 3487489, at n.5 (S.D. Ohio Aug. 9, 2021) (Report & Recommendation), *adopted,* 2021 WL 3883890 (S.D. Ohio Aug. 31, 2021); *Pruitt v. Ohio,* No. 1:10-cv-313, 2010 WL 2607246, at *3 & n.2 (S.D. Ohio May 19, 2010) (Report & Recommendation), *adopted*, 2010 WL 2620804 (S.D. Ohio June 25, 2010); *Mingo v. Michigan*, No. 1:06-cv-24, 2006 WL 151901, at *3 (W.D. Mich. Jan. 18, 2006).

---

[2] Viewed at https://www.monroecountyohio.com/government/clerk_of_courts/index.php, Public Records Search under Case No. 2019-323, 2021-185, and 2021-008. This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Petitioner's pro se petition for a writ of habeas corpus be **DISMISSED without prejudice**. In light of this recommendation, petitioner's pending motion (Doc. 8) should be **DENIED**.

2. A certificate of appealability should not issue because, for the foregoing reasons, petitioner has not made a substantial showing of the denial of a constitutional right that is remediable at this juncture in this proceeding. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that with respect to any application by petitioner to proceed on appeal *in forma pauperis,* an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis. See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party=s objections

4

**WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge
